This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40647**

**STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,**

       Petitioner-Appellee,

v.

**SAMANTHA E.,**

       Respondent-Appellant,

and

**BENJAMIN E.,**

       Respondent,

**IN THE MATTER OF SAMUEL E.,
LIAM E., REYNNA E., and
CHRISTOPHER E.,**

       Children.

**APPEAL FROM THE DISTRICT COURT OF MORA COUNTY
Floripa Gallegos, District Court Judge**

Children, Youth and Families Department
Mary McQueeney, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

Cravens Law LLC

Richard H. Cravens, IV
Albuquerque, NM

for Appellant

David Silva, Attorney at Law
David R. Silva
Las Vegas, NM

Guardian Ad Litem

**MEMORANDUM OPINION**

**HANISEE, Chief Judge.**

**{1}**     Respondent (Mother) appeals the district court's order terminating her parental rights. In this Court's notice of proposed disposition, we proposed to summarily affirm. Mother filed a memorandum in opposition to our proposed summary disposition, which we have duly considered. Unpersuaded, we affirm.

**{2}**     In her memorandum in opposition, Mother continues to pursue the appellate issues raised in her docketing statement. [MIO 2-3] However, Mother has not presented any additional facts, authority, or argument that persuades this Court that our notice of proposed disposition was erroneous as to any of the issues raised. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{3}**     In addition, to the extent Mother implies a remand may be warranted in this case [MIO 14-15], we disagree. Mother's memorandum "questions whether CYFD met its burden of investigating the suitability of family members for placement/guardianship/adoption" [MIO 15], but fails to respond to the specific concerns identified in our calendar notice regarding this issue, including the absence of relevant facts and the failure to explain Mother's claim of error given the circumstances of this case, where some Children were placed in relative foster care. [CN 9] *See Hennessy*, 1998-NMCA-036, ¶ 24; *Mondragon*, 1988-NMCA-027, ¶ 10; *see also Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 ("The presumption upon review favors the correctness of the trial court's actions. [An a]ppellant must affirmatively demonstrate its assertion of error.").

**{4}** Accordingly, for the reasons discussed herein and in our notice of proposed disposition, we affirm.

**{5}    IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**ZACHARY A. IVES, Judge**